UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

                                 Case No. 18-21025-RBR

CARLOS R. ESTREMADOYRO

                                   Chapter 7

       Debtor.
_____ /

## <u>TRUSTEE'S APPLICATION TO EMPLOY JASON WELT OF TRUSTEE REALTY, INC., AS REAL ESTATE AGENT *NUNC PRO TUNC* TO JANUARY 7, 2019</u>

The Trustee, Sonya L. Salkin, hereby files this Application to Employ Jason Welt of Trustee Realty, Inc. as Real Estate Agent, *nunc pro tunc* to January 7, 2019, pursuant to Local Rule 9013-l (C)(4) and 11 U.S.C. §327, and states:

1.      The estate is the owner of real property located in Broward County, Florida at 6300 Southwest 188th Avenue, Southwest Ranches, Florida 33332.

2.      In order to market this property more effectively and thereby liquidate the property for the best and highest price, the trustee wishes to employ a real estate agent.

3.      The trustee believes that the retention of Jason Welt of Trustee Realty, Inc. is in the best interest of the bankruptcy estate. Mr. Welt, a licensed real estate agent, has on the trustee's behalf examined the property, which is a residential property, and has agreed to market and show the property to prospective purchasers and otherwise represent the estate as seller in connection with the sale of the property.

4.      The trustee is satisfied from the affidavit attached as Exhibit A that Mr. Welt is disinterested within the meaning of 11 U.S.C. §101(14), as required by §327(a).

5.      The listing agreement, attached as Exhibit B, will provide among other things, that the broker shall receive a reduced commission in the amount of 6% of the purchase price of

the sale of the property, and that the trustee will be selling the property as is, where is, with no representations or warranties and only upon approval by the bankruptcy court.

WHEREFORE, the trustee seeks the entry of an Order Approving the Application to Employ Jason Welt of Trustee Realty, Inc. as Real Estate Agent, *nunc pro tunc* to January 7, 2019, upon the terms and conditions stated.

By: /s/ Sonya L. Salkin, Trustee
Sonya L. Salkin, Trustee
P.O. Box 15580
Plantation, FL 33318
954-423-4469

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT

In re:

Case No. 18-21025-RBR

CARLOS R. ESTREMADOYRO

Chapter 7

　　　　Debtor.

_____/

### AFFIDAVIT OF PROPOSED REAL ESTATE BROKER

STATE OF FLORIDA )
COUNTY OF Broward )

Jason Welt, the Agent for Trustee Realty, Inc., being duly sworn, hereby states:

1.  I am a licensed real estate agent in the State of Florida.

2.  I am an agent of Trustee Realty, Inc. a Florida Limited Liability Corporation, with the corporate offices located at 401 East Las Olas Blvd., Suite 1400, Fort Lauderdale, Florida 33301 (hereinafter, "Trustee Realty, Inc.").

3.  Neither I, nor any of my associates and employees, hold or represent any interest adverse to the estate and does not represent or hold any interest adverse to the debtor with respect to the matter on which I am being retained as required by 11 U.S.C. § 327 (a).

4.  I agree to be compensated for the real estate broker service to be provided by me in the manner set forth in the Trustee's Application to Authorize my employment.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Jason Welt, Agent

SWORN TO AND SUBSCRIBED before me this 25 day of January, 20 19.

My commission expires:

ERIC FALK
Notary Public - State of Florida
Commission # FF 928407
My Comm. Expires Oct 21, 2019
Bonded through National Notary Assn.

ERIC FALK
Notary Public - State of Florida
Commission # FF 953407
My Comm. Expires Oct 21, 2019
Bonded through National Notary Assn.

# EXHIBIT "B"

**Exclusive Right of Sale Listing Agreement**
**FLORIDA ASSOCIATION OF REALTORS®**

Trustee Realty Inc.
Jason A. Welt

 FloridaRealtors·

1   This Exclusive Right of Sale Listing Agreement ("Agreement") is between

2   *Sonya Salkin, Ch 7 Trustee for Carlos R. Estremadoyro l Case No. 18-21025-RBR* _____ ("Seller")

3   and *Trustee Realty Inc. l  Jason A. Welt, Agent* _____ ("Broker").

4   **1.  Authority to Sell Property: Seller** gives **Broker** the EXCLUSIVE RIGHT TO SELL the real and personal
5   property (collectively "Property") described below, at the price and terms described below, beginning
6   *February 4, 2019* _____ and terminating at 11:59 p.m. on *August 31, 2019* _____ ("Termination Date"). Upon
7   full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8   automatically extend through the date of the actual closing of the sales contract. **Seller** and **Broker** acknowledge
9   that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10  color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11  law. **Seller** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12  **2.  Description of Property:**
13  (a) **Street Address:** *6300 SW 188th Ave, Southwest Ranches, FL 33332* _____

14      *Folio No. 5139 01 03 0270* _____

15      Legal Description: *COUNTRY CORNERS 95-25 B LOT 1 BLK 6* _____

16      _____ ☐ See Attachment _____

17  (b) **Personal Property, including appliances:** _____

18      _____ ☐ See Attachment _____

19  (c) **Occupancy:**
20      Property ☒ is ☐ is not currently occupied by a tenant. If occupied, the lease term expires _____.

21  **3.  Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to **Seller**:
22      (a) **Price:** $ *549,000.00*
23      (b) **Financing Terms:** ☒ Cash ☐ Conventional ☐ VA ☐ FHA ☐ Other (specify) _____
24          ☐ Seller Financing: Seller will hold a purchase money mortgage in the amount of $_____
25          with the following terms: _____
26          ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $_____ plus
27          an assumption fee of $_____. The mortgage is for a term of _____ years beginning in
28          _____, at an interest rate of _____% ☐ fixed ☐ variable (describe) _____.
29          Lender approval of assumption ☐ is required ☐ is not required ☐ unknown. **Notice to Seller: (1)** You may
30          remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31          lender to determine the extent of your liability. Seller will ensure that all mortgage payments and required
32          escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33          **(2)** Extensive regulations affect Seller financed transactions. It is beyond the scope of a real estate licensee's
34          authority to determine whether the terms of your **Seller** financing agreement comply with all applicable laws or
35          whether you must be registered and/or licensed as a loan originator before offering **Seller** financing. You are
36          advised to consult with a legal or mortgage professional to make this determination.
37      (c) **Seller Expenses: Seller** will pay mortgage discount or other closing costs not to exceed _____% of the
38          purchase price and any other expenses Seller agrees to pay in connection with a transaction.

39  **4.  Broker Obligations: Broker** agrees to make diligent and continued efforts to sell the Property until a sales
40      contract is pending on the Property.

41  **5.  Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to **Seller**
42      because the Property will be exposed to a large number of potential buyers. As a MLS participant, **Broker** is
43      obligated to timely deliver this listing to the MLS. This listing will be promptly published in the MLS unless **Seller**
44      directs **Broker** otherwise in writing. **Seller** authorizes **Broker** to report to the MLS this listing information and price,
45      terms, and financing information on any resulting sale for use by authorized Board / Association members and
46      MLS participants and subscribers unless **Seller** directs **Broker** otherwise in writing.

Seller (_____) (_____) and Broker/Sales Associate (_____) (_____) acknowledge receipt of a copy of this page, which is Page 1 of 4.

ERS-17th Rev 6/17                                                                                          © 2017 Florida Realtors®
Licensed to Alta Star Software and ID1834056444018
**Software and added formatting © 2019 Alta Star Software, all rights reserved. · www.altastar.com · (877) 279-8898**

47  **6.  Broker Authority:** **Seller** authorizes **Broker** to:
48  (a) Advertise the Property as **Broker** deems advisable including advertising the Property on the Internet unless
49      limited in (6)(a)(i) or (6)(a)(ii) below.
50      **(Seller opt-out) (Check one if applicable)**
51      (i) ☐ Display the Property on the Internet except the street address.
52      (ii) ☐ **Seller** does not authorize **Broker** to display the Property on the Internet.
53          **Seller** understands and acknowledges that if **Seller** selects option (ii), consumers who search for listings
54          on the Internet will not see information about the Property in response to their search.
55          _____/_____ Initials of Seller
56  (b) Place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once **Seller**
57      signs a sales contract) and use **Seller's** name in connection with marketing or advertising the Property.
58  (c) Obtain information relating to the present mortgage(s) on the Property.
59  (d) Provide objective comparative market analysis information to potential buyers.
60  (e) **(Check if applicable)** ☐ Use a lock box system to show and access the Property. A lock box does not
61      ensure the Property's security. **Seller** is advised to secure or remove valuables. **Seller** agrees that the lock
62      box is for **Seller's** benefit and releases **Broker**, persons working through **Broker**, and **Broker's** local Realtor
63      Board / Association from all liability and responsibility in connection with any damage or loss that occurs.
64      ☐ Withhold verbal offers. ☐ Withhold all offers once **Seller** accepts a sales contract for the Property.
65  (f) Act as a transaction broker.
66  (g) **Virtual Office Websites:** Some real estate brokerages offer real estate brokerage services online. These
67      websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or
68      reviews and comments about a property may be displayed in conjunction with a property on some VOWs.
69      Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews
70      about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or
71      comments and reviews about this Property.
72      ☒ **Seller** does not authorize an automated estimate of the market value of the listing (or a hyperlink to such
73      estimate) to be displayed in immediate conjunction with the listing of this Property.
74      ☒ **Seller** does not authorize third parties to write comments or reviews about the listing of the Property (or
75      display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

76  **7.  Seller Obligations:** In consideration of **Broker's** obligations, **Seller** agrees to:
77  (a) Cooperate with **Broker** in carrying out the purpose of this Agreement, including referring immediately to
78      **Broker** all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
79  (b) Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during
80      reasonable times.
81  (c) Inform **Broker** before leasing, mortgaging, or otherwise encumbering the Property.
82  (d) Indemnify **Broker** and hold **Broker** harmless from losses, damages, costs, and expenses of any nature,
83      including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's**
84      negligence, representations, misrepresentations, actions, or inactions; (2) the use of a lock box; (3) the
85      existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker
86      who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This
87      clause will survive **Broker's** performance and the transfer of title.
88  (e) Perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
89  (f) Make all legally required disclosures, including all facts that materially affect the Property's value and are not
90      readily observable or known by the buyer. **Seller** certifies and represents that **Seller** knows of no such
91      material facts (local government building code violations, unobservable defects, etc.) other than the following:
92      _____
93      **Seller** will immediately inform **Broker** of any material facts that arise after signing this Agreement.
94  (g) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting
95      requirements, and other specialized advice.

96  **8.  Compensation:** **Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing,
97      and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other
98      terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):
99  (a) _6.0_ % of the total purchase price plus $_____ OR $_____, no
100     later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's**
101     fee being earned.
102 (b) _____ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is
103     exercised, **Seller** will pay **Broker** the Paragraph 8(a) fee, less the amount **Broker** received under this
104     subparagraph.

Seller (_____) and Broker/Sales Associate (_____) (_____) acknowledge receipt of a copy of this page, which is Page 2 of 4.
ERS-17tb Rev 6/17                                                                                  © 2017 Florida Realtors®
Licensed to Alta Star Software and ID1834056444018
Software and added formatting © 2019 Alta Star Software, all rights reserved. • www.altastar.com • (877) 279-8898

(c) _____ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.

(d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to cancel an executed sales contract. (3) If, within _____ days after Termination Date ("Protection Period"), **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date. However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another broker.

(e) **Retained Deposits:** As consideration for **Broker's** services, **Broker** is entitled to receive _____% (50% if left blank) of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to exceed the Paragraph 8(a) fee.

9. **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of ☒ *3.0* % of the purchase price or $_____ to a single agent for the buyer; ☒ *3.0* % of the purchase price or $_____ to a transaction broker for the buyer; and ☒ *3.0* % of the purchase price or $_____ to a broker who has no brokerage relationship with the buyer. ☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)

10. **Brokerage Relationship: Broker** will act as a transaction broker. **Broker** will deal honestly and fairly; will account for all funds; will use skill, care, and diligence in the transaction; will disclose all known facts that materially affect the value of the residential property which are not readily observable to the buyer; will present all offers and counteroffers in a timely manner unless directed otherwise in writing; and will have limited confidentiality with **Seller** unless waived in writing.

11. **Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct expenses incurred in marketing the Property, and pay a cancellation fee of $_____ plus applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph 8(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property during the time period from the date of conditional termination to Termination Date and Protection Period, if applicable.

12. ~~Dispute Resolution: This Agreement will be construed under Florida law. All controversies, claims, and other~~ matters in question between the parties arising out of or relating to this Agreement or the breach thereof ~~will be~~ settled by first attempting mediation under the rules of the American Mediation Association ~~or other~~ mediator agreed upon by the parties. If litigation arises out of this Agreement, the ~~prevailing party~~ will be entitled to recover reasonable attorney's fees and costs, unless the parties agree that ~~disputes~~ will be settled by arbitration as follows: **Arbitration:** By initialing in the space provided, ~~Seller~~ (____) (____), Sales Associate (____), and **Broker** (____) agree that disputes not resolved by ~~mediation~~ will be settled by neutral binding arbitration in the county in which the Property is located in ~~accordance~~ with the rules of the American Arbitration Association or other arbitrator agreed upon by ~~the parties~~. Each party to any arbitration (or litigation to enforce the arbitration provision of this ~~Agreement~~ or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will ~~equally split the arbitrator's fees and administrative fees of arbitration.~~

13. **Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives, administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals. The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories of potential or actual transferees.

Seller (____) (____) and Broker/Sales Associate (____) (____) acknowledge receipt of a copy of this page, which is Page 3 of 4.
ERS-17b Rev 6/17                                                                                                    © 2017 Florida Realtors®
Licensed to Alta Star Software and ID1834056444018
**Software and added formatting © 2019 Alta Star Software, all rights reserved. · www.altastar.com · (877) 279-8898**

157 **14. Additional Terms:** _____

158 *1. Seller is Sonya Salkin, Ch 7 Trustee for Carlos R. Estremadoyro I Case No. 18-21025-RBR*

159 *2. Property is sold "As-Is,Where-Is" with no representations, warranties or guarantees of any kind, whether stated*

160 *or implied by the Trustee and/or her professionals.*

161 *3. All disputes relating to this agreement shall be heard by the US Bankruptcy Court for the Southern District of*

162 *Florida.*

163 *4. This agreement is subject to the approval of the US Bankruptcy Court for the Southern District of Florida.*

164 *5. This sale is subject to the approval of the secured lender.*

165 _____

166 _____

167 _____

168 _____

169 _____

170 **Seller's Signature:** _____ Date: __1/24/19__

171 Home Telephone: _____ Work Telephone: _____ Facsimile: _____

172 Address: _____

173 Email Address: _____

174 **Seller's Signature:** _____ Date: _____
      *Sonay Salkin, Ch 7 Trustee for Carlos R. Estremadoyro*

175 Home Telephone: _____ Work Telephone: _____ Facsimile: _____

176 Address: _____

177 Email Address: _____

178 **Authorized Sales Associate or Broker:** _____ Date: __1/16/19__
      *Jason A. Welt, Agent*

179 Brokerage Firm Name: *Trustee Realty Inc.* _____ Telephone: __954-803-0790__

180 Address: *401 East Las Olas Blvd. Suite 1400. Ft Lauderdale, FL 33301*

181 | Copy returned to **Seller** on _____ by ☐ email ☐ facsimile ☐ mail ☐ personal delivery. |

Florida REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only be real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller (____) (____) and Broker/Sales Associate (____) (____) acknowledge receipt of a copy of this page, which is Page 4 of 4.

ERS-17tb/Rev 6/17                                                                    © 2017 Florida Realtors®
Licensed to Alta Star Software and ID1834056444018
**Software and added formatting © 2019 Alta Star Software, all rights reserved. · www.altastar.com · (877) 279-8898**